

AO 241 (Rev. 09/17)    **7:23-cv-062**    APR 20 2023

FILED

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY CLERK

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | |
|---|---|---|
| Name (under which you were convicted): Abel Armendariz | | Docket or Case No.: 2:23-cv-046-2-BR |
| Place of Confinement : Bill Clements Unit TDCJ | | Prisoner No.: 2240969 |
| Petitioner (include the name under which you were convicted) Abel Armendariz | v. | Respondent (authorized person having custody of petitioner) Director |
| The Attorney General of the State of: | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   161st Judicial District Court, Ector County Texas

   (b) Criminal docket or case number (if you know): B-38,387

2. (a) Date of the judgment of conviction (if you know): September 14th 2019

   (b) Date of sentencing: September 14th 2019

3. Length of sentence: 50 Years

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Sexual Assault of a Child

6. (a) What was your plea? (Check one)

   ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

*N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☑ No

8.  Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:     11th District Court of Appeals

(b) Docket or case number (if you know):     11-18-00361-CR

(c) Result:     Affirmed

(d) Date of result (if you know):     June 17th 2021

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ☑ Yes     ☐ No

If yes, answer the following:

(1) Name of court:     Court of Criminals Appeals

(2) Docket or case number (if you know):     PD-0394-19

(3) Result:     Refused

AO 241 (Rev. 09/17)

(4) Date of result (if you know):     February 2, 2022 ~~xxxxxxxx~~  ~~xxxx~~  ~~xxxx~~

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☐ Yes     ☑ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: _____

AO 241 (Rev. 09/17)

        (8) Date of result (if you know): _____

   (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

           _____

           _____

           _____

           _____

           _____

           _____

           _____

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes   ☑ No

        (7) Result: _____

        (8) Date of result (if you know): _____

   (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

           _____

           _____

           _____

           _____

           _____

           _____

           _____

           _____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:    See    Grounds    1-14

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Ground    1-14

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

_____

_____

GROUND ONE:

**APPLICANT DENIED HIS STATE AND FEDERAL RIGHT TO COUNSEL AS HE WAS WHOLY WITHOUT COUNSEL AT A CRITICAL STAGE IN THE PROCEEDINGS AND COMPELLED BY THE COURT AT THOSE PROCEEDINGS TO WAIVE ARRAIGNMENT**

## FACTS SUPPORTING GROUND ONE:

On March 14, 2011, Defendant was entirely without counsel at a MOST critical stage in the proceedings, namely, the arraignment hearing (ref Vol 2 RR); Court compelled the defendant to waive his arraignment involuntarily and as he was entirely without counsel (pg 4 Vol 2 RR); The Court clerk--with counsel for State and Judge presiding in agreement--volunteered to stand in for absent counsel and have the defendant waive his right to arraignment without proper and sound advice. (pg 4-5 Vol 2). This will later prove to be a huge benefit for the State because on this day State announced ready when it was in fact not ready. (Pg 4 Vol 2); The State filed a later request for continuance in 2013 for further DNA testing (Pg. 31 Vol 14 RR); Arraignment hearing would have been the defendants first opportunity to enter a plea of not guilty (CCP 26.02); The entering of Not Guilty plea at this stage was critical to defendant's defense in that his right to speedy trial is affected because his plea of not guilty could have dually served as his demand for trial itself but also his assertion of his right to speedy trial, a factor critical to determining the violation of his right to speedy trial which did later become an issue in defendants case (Ref Vol 4 & Vol 7 RR); State's 2013 requests for continuance relating to some laboratory testing that had to be done (Pg. 34 Vol 4 RR) is clear evidence that the State was not ready for trial on the date of the March 14, 2011 hearing and supports the claim that State's coercion of this defendant to waive his right to a plea was in fact a bad faith effort to delay proceedings for a trial State was in fact not ready for. DNA technician at trial testified that kit for testing first was received on July 30th 2010 (Pg 15,42 43 of Vol14 RR) and test report was generated Nov 29, 2010 to indicate need for further testing which was performed and additional report generated on February 24, 2011 (pg 19 Vol 14 RR); According to this testimony, only DNA consistant with the victim resulted from this test.(pg 20 Vol 14); AS new DNA test report was not generated until September 19, 2013 (pg 31 Vol 14) after the State had sent later items for testing, including the defendants buccal swabs which were not received by the DNA technician until September 24, 2013 (pg 32 Vol 14$); DNA report for shirt and comparison of buccal swabs were performed October 23, 2013 (pg 51 Vol 14) verifies that both 1) only the vaginal swabs were sent in 2010, and 2) the additional items of clothing were not sent until 2013; These facts even though Amy Bright testified that buccal swabs of defendant were obtained January 5, 2011 (pg 102 Vol 13) which establishes there is no rational explanation for the delay in forwarding these buccal swabs or clothing items which were in possession of the State for more than 2 1/2 yrs before sending in for testing; Additionally, on the date of arraignment hearing, not only had the State not included in the indictment on that date any enhancement paragraph, but the State had also not provided any notice of intent to enhance referenced in the charge to the jury at punishment and aside from the fact that the enhancement itself was illegal under the law in effect at the time of his currrent conviction --the "holding offense"--had the defendant been given correct counsel at that time to enter his plea of not guilty then double jeopardy would have attached to the indicted offense of 2nd degree and would have barred any amendment and thus there never would have been a question about trial commencing on a punishment range available to the jury of only 2-20yrs In fact, this is only a secondary harm affecting punishment and excessive bias of the empanelled jury but does not supercede harm affecting guilt-innocence and defendant's

denial of his right to speedy trial caused by the denial of his right to counsel originating
at the March 14, 2011 hearing given that no attorney can argue trial strategy of waiving his client's right to arraignment if an attorney were present at hearing given that the State had announced ready and the only DNA testing available to the State on the date of March 14, 2011 was the February 24, 2011 report which did not indicate any presence of defendant's DNA. In fact these reports indicated no presence of male DNA at all, only confirming the presence of the female alleged victim's DNA. Had competent counsel been available to defendant at this arraignment hearing then effective representation and the defendant himself would have insisted on the necessity of immediately entering a plea of not guilty and demanding a speedy trial with entering such plea. On the date of the hearing however, the State was without additional (and questionable) DNA testing that might identify defendant in DNA reports. This is strong argumentative support for giving cause to the State for improperly influencing the defendant to waive his right to arraignment after State had announced ready for trial at this hearing but in fact needed more time to be ready. (This additional testing is highly questionable and in need of additional 3rd party testing for reasons outlined in an attached memorandum layed out for argument purposes and not for outlining matters of law or procedures for review). Almost the entire date of December 6, 2018 trial proceedings before the jury consisted of evidence of DNA reports created AFTER the date of the arraignment hearing as did much of the closing arguments. Additionally much of the testimony from States witnesses otherwise relied heavily on establishing how this evidence was obtained and therefore consumed a large portion of the overall trial and because the consideration of this evidence is substantive on the issue of guilt or innocence, it becomes obvious that the state's ability to present such evidence cannot be harmless beyond a reasonable doubt.

Truly though harm is shown, the complete and outright denial of counsel at a critical stage in the proceedings claim does not even have to be accompanied by such showing. It should be noted that Article 26.011 of Texas CCP establishes "An attorney representing a defendant may present a waiver of arraignment, and the clerk of the court may not require the presence of the defendant as a condition of accepting the waiver." This does not imply the controverse which was applied in this case.    This is a gross violation of defendant's right to counsel guaranteed him by the Texas State Constitution and State Procedure as well as outright denial of defendant his right to counsel guaranteed him by the 6th Amendment of the U.S. Constitution imputed on the States by way of the 14th Amendment to the U.S. Constitution.

GROUND TWO:

APPLICANTS SENTENCE IS ILLEGAL   ACCORDING TO THE STATUTES AND LAWS IN EFFECT AT TIME OF ALLEGED

"HOLDING OFFENSE  was ALLEGEDLY COMMITTED ILLEGALLY RESTRAINING APPLICANT OF HIS LIBERTY

## FACTS SUPPORTING GROUND TWO:

Defense Counsel objected to enhancement of instant offense (pg 5 6 Vol 8 RR) asserting that penal
code 12.45 did not allow a State Jail felony to enhance the instant 2nd Degree felony to a higher
punishment range; State argued (pg  5 Vol 8) a rebuttal in opposition asserting Ex Parte Rice 629
S W 2d 56 as controllingbut only specified that the case addressed the issue of a prior that in t
that case was a 2nd degree felony  only offering that 'later the punishment range for that offense
changed' and truly didn't establish in her argument at all the legality of her intent to enhance
defendants offense at hand. the holding offense in this case which is a second degree felony, with
with that of a prior conviction which  when the date of the holding offense was allegedly committ
ed was a State Jail Felony and ineligible for use to enhance a 2nd Degree felony. (PC 12.45).
State also vaguely referenced Moreno v  State, 541 S W  2d 170 (pg  7 Vol  8)  The weak argument
in rebuttal alone made by State should have sufficed for defense counsels objection to be sustain
ed. Instead, the Court erred in its ruling and Counsel failed to contemporaneously object to this
issue at trial and sentencing, but most importantly failed to demand voire dire of jury panel
proceed with panel being explained law for offense charged carried a 2 20yr range of punishment
and this contributed to a biassed and highly prejudicial jury for punishment.
Applicant is incarcerated and limited in his ability to research material, but he does posture as
fact to the Court a ruling made by the Texas Court of Criminal Appeals which reached a different
conclusion than what the state offered in rebuttal on Motion in Limine. In fact, a very similar
set of facts exist in the following case which coincide with  the instant issue and although the
conclusions were reached for a differnt purpose  then they should certainly apply here unless
the Court is choosing to support ambiguity in its rulings. Ex Parte Thompson, 173 S.W. 3d 458
(Tex. Crim  App 2005) (Burglary, second degree) Reached this conclusion  "The defendant's 1997
conviction for Burglary of a habitation did not make him ineligible for release on mandatory
supervision for his 2002 conviction  Although Burglary of a Habitation was a 1st degree felony
when he was convicted of the xxxxxxxxxxxxxxxxxxx, it was not a 1st degree felony when he was con
victed of the holding offense, and it is the law in effect at that time [conviction of the holding
offense] that controls release on mandatory supervision."
In another case  again by this court, Ex Parte Hall, 995 S  W  2d 151 (Tex Crim App 1999) the Cour
Court made this decision  "The defendant is entitled to release on mandatory supervision. At the
time he committed his current offense, his prior offense of aggravated assault was not on the
list of offenses which render a defendant ineligible for mandatory supervision.This statute, not
the statute in effect at the time he committed the prior offense, is controlling
In both cases the Court ruled the defendents were being illegally restrained of liberty because
the petitioner s eligibility for parole was altered to disadvantage by ex post facto legislation.

Though the ultimate issue here is enhancement for punishment rather than punishment issues pert
aining to parole, if the same conclusions reached are absolute findings of this Court (i.e
1)that the law pertaining to a statute at the time a holding offense is committed controls [
[enhancement applicability]; and 2) that the statute in effect at time he committed prior offense
is not controlling [because statute in effect at time of committing current offense controls])
Then because in this case where applicant had a prior conviction for Burglary of a Building from

a none other than 1987 which was at that time either a 2nd or 3rd degree felony but at the time of

the alleged current offense was in fact a State Jail felony, then because the 2010 statute controls its level of felony  then applicant's current conviction is illegally enhanced and at minimum resulted in an illegal sentence; If only that were all that transpired; As a result of this

attempt by the State to illegally enhance this defendant , not only was defendant's right to equal protection under Law  violated given that another person committing this same offense in 2010 but having a prior conviction for a burglary of a building charge from 2003  on or about.

would not be subject to enhancement for punishment though the offense descriptions be the same, but rather the most heinous assault on this defendant was the denial of his right to a fair trial w/ true fair and impartial jury given that the jury was improperly committed to an increased and

illegal range of punishment which under statute and case decisions made by this very court do not permit under Law.
If the Court is in disagreement with this conclusion then a circuit court must answer &/or reconcile

this Court's ambiguos rulings.
It should also be noted that Counsels own objection at the Motion in Limine hearing the   which called this issue to question does not comport with Counsels advisement to his defendant that he

should plead true to enhancement allegations when Counsel obviously knew the enhancement was illegal and subjected his client to a higher punishment range than applicable by law / Cause and prejudice based on deficient performance of counsel is established even in that last single

statement of facts.
Additionally  the Judgement reflects in error that Applicant was convicted of a 1st degree felony when charged indicted offense was for a 2nd degree felony. Two ways to enhance in Texas: the first

would enhance the degree of felony based on the statute for the offense while the 2nd way enhances for punishment only while not changing the degree of the offense charged; Even had enhancement in this case been legal, prosecution was presented as if it were a 1st degree felon  offense with

the empanelled jury committed to a 5-99yr punishment range (pg 35 Vol 11) even after State initiated proceedings claiming prosecution was a 1st degree felony with defense counsel objecting to insert that offense was a 2nd degree felony (pg 4 Vol 11). Even if enhancement were possible,

proper definition of the charged offense and applicable punishment range should have been explained to the jury panel explaining that the offense itself was punishable alone and without any other considerations as 2-20yrs. This was never done. Furthermore  even if enhancement were legal, then

the defendant would have still had the right to seek jury nullification as to the finding of true to the enhancement allegation based on the lapse of time since the prior offense was committed The power of the jury to nullify is well grounded and certainly could have been taken into con-

sideration here by both sides rather than the empanelment of a biased juror for punishment and the excusal of potential jurores who were not in agreement with the higher punishment range.
The sole issue that Juror 7 was excused is still questionable because it was not made clear for

the record however the record does illustrate that Juror 7 was opposed to the high end of the punishment range. the State/ & juror was rehabilitated it seems, but State first objected to 7 for cause, then withdrew objection for cause. only for the Court to excuse this juror sua sponte

and without any explanation as to why.
Properly informed on the matters of law regarding enhancement and regarding jury nullification options  and with sound advice, defendant would not have pled true to enhancement paragraphs.

Applicant's writ writer cannot actually verify documents to support plea of true with record but assumes paragraph referenced in charge to jury to be correct only in value of identifying it as subject matter.

Attorney Reserved A Conflict of Interest by objecting to Enhancement As Illegal But Allowing his Client to plea True To Enhancement

## GROUND THREE:

APPLICANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL HAVING A SUBSTANTIAL EFFECT ON JUROR SELECTION, **IN**
HIS GUILT/INNOCENCE PHASE, AND SENTENCING PHASE CAUSING HARM EGREGIOUS.

## FACTS SUPPORTING GROUND THREE:

Incorporate by reference the facts listed and as they were related in grounds one and two;

Trial Counsel moved for dismissal for denial of speedy trial; (Ref.Vol 4 & 7 RR); However,
the facts related in ground one and ground two were not presented by trial counsel as the

harm having an injurious and prejudicial effect on applicant's trial which violates his right true

to a speedy trial guaranteed him under the State constitution and the Sixth Amendment Right TO

Speedy Trial under the U.S. Constitution imputed on the States by the 14th Amendment to the same;
In the instant case, counsel argued facts to establish the defendant had been denied his right

to speedy trial based on the factors under Barker v. Wingo; One of those factors is the assertion

of right to speedy trial at your earliest opportunity and was considered in argument during the

pre-trial conference (Vol 4 RR) and court's decision prior to trial to deny motion to dismiss

for want of prosecution (Ref Vol #7 RR), however, the facts presented in ground one and two
were not properly before the court; Applicant's first opportunity was at his arraignment hearing

where State prosecutor, Judge, and Court Clerk worked together to compel the defendant to waive
his right to arraignment without the benefit of counsel present (Pg. Vol 2 RR) ; This was to the

benefit of State because though it announced ready the date of the arraignment hearing, State
was in fact not ready, as evidenced by State's 2013 request for continuance for additional lab

testing (pg. 34 Vol 4 RR); As much of volume 13 and all of volume 14 of the trial on the merits
consists of testimony pertaining to these late aquisitions of lab tests, here is shown outright

to the State s fault in the denial of applicant his right to speedy trial given that had applicant
pled not guilty on the date of his arraignment instead of being coerced and compelled by the

State to waive his right then trial would have had to have proceeded according to the evidence
available to the State on that day and without any request for continuance by the State; this

shows the egregious harm affected on trial by having a substantial effect on guilt/innocence

*Article* **22.64** *Writ Application Form*          10          *Revised 2018*

given that the jury was presented with DNA evidence purported to belong to the applicant and therefore implicating him in the alleged crime (however, reference attached argument in opposition of DNA allegations in memorandum for argument); additionally, the date of arraignment did not include any notice of intent to enhance from a 2nd degree felony to a 1st degree felony for punishment and because State first announced ready that day and no such notice was provided prior to State's request for continuance, then State's delay also had an injurious effect on juror selection and the punishment phase of trial because the jury was committed to a 5-99yr range of punishment in the 2018 trial when had the jury been empaneled at the 2011 hearing or time period then the venireman would have been committed to only the 2-20yr range applicable to the offense the defendant was charged with thus egregious harm is shown by the substantial effect had on the

selection of jurors denying applicant his right to a fair an impartial jury as they would have been allayed the date of arraignment and shown by the substantial effect had on the outcome of the punishment phase because had trial commenced at arraignment or during that time period then

applicant would have only been subject to a punishment with a maximum of 20yrs instead of receiving the 50 years applied at his 2018 trial; thus, with the denial of applicant his right to proper and sound advice at his arraignment hearing where counsel should have been present but wasn't he was wholly denied his right to counsel which caused the denial of his right to enter his plea early resulting in the denial of his right to speedy trial and causing irreparable harm to the applicant;

None of this information was taken into consideration by the trial counsel when presenting his request for dismissal for the denial of applicant his right to a speedy trial;

therefore a new review of the Barker factors should be applied to applicant's case using the facts presented herein which ARE in the record; A new finding should be found that the applicant was denied his right to a speedy trial and his case should be accordingly reversed and dismissed

for delay caused by the State which denied applicant the ability to enjoy the right to a speedy and public trial

# GROUND FOUR:

INEFFECTIVE ASSISTANCE OF COUNSEL __ FAILURE TO RAISE COERCED WAIVER OF
ARRAIGNMENT OF DEFENDANT BY DENIAL OF DEFENDANT HIS RIGHT TO COUNSEL AT HEARIN
AFFECTING DEFENDANTS RIGHT TO SPEEDY TRIAL

Counsel failed to call to the courts attention that his client was wholly de-
nied counsel at the arraignment hearing (Reference and incorporate by reference
facts presented in grounds one, two, and three)

Had counsel raised the issue then the court could have established on the rec-
ord that the defendant was denied his right to counsel at a very critical stag
stage in the proceedings because this ultimately denied defendant his right
to speedy trial;

Counsel additionally failed to fairly mitigate these facts from the record
which clearly establish a harm and prejudice in the denial of defendant's
right to a speedy trial (Ground three)

Given that the effect of the denial of his right to counsel at this stage in
the proceedings (arraignment) cannot be harmless beyond a reasonable doubt
(the State was able to present evidence at 2018 trial it was not ready with at
2011 hearing which covered an extreme portion of the evidence presented at the
trial itself which reulted in guilty verdict) then harm would have been shown
as one of the Barker factors in review for the denial of defendant his right t
to speedy trial; truly however, harm does not have to be shown when a def-
endant is outright denied his right to counsel at a critical stage in the
proceedings such as how the transcript of the 2011 hearing shows was the case
for the applicant (Ref Vol2 pp)

Competent counsel would have raised this issue and requested dismissal based
on this and included this information in his presentation for harm in his re-
quest for dismissal due to denial of defendant his right to counsel and Judge
of Court would have had no choice but to dismiss the charges; thus deficient
performance is shown which caused the defendant to be subjected to trial on
the merits of a crime with evidence the State was not ready with at the date
of hearing when they first announced ready, and subjected him to trial when
the State had already denied the defendant his right to counsel at a critical
stage to the benefit of Tyhe State who was not ready for trial as they had
announced at the 2011 hearing; harm is shown in that applicant was subjected
to trial and sentenced to 50yrs
Accordingly, applicant s conviction should be reversed and dismissed

GROUND _____FIVE_____:


INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO IMPROPER LEGAL ADVICE TO
PLEAD TRUE TO ENHANCEMENT ALLEGATIONS WHEN ENHANCEMENT NOT APPLI
CABLE  TO CHARGED OFFENSE AND COULD HAVE RELIED ON NULLIFICATION

## FACTS SUPPORTING GROUND:

Incorporate by reference facts listed in ground two;

with sound advice that jury nullificatuion was still an option

on enhancement allegation due to prior offense being more than

thirty years old, defendant would have insisted on pleading not

true to enhancement allegations; furthermore, because counsel

was so obviously aware that legally enhancement of his clients

2nd degree felony could not be accomplished with the prior fel-

ony in question (Reference counsels objections pg 5-6 Vol 8 RR)

it makes no sense that counsel allowed his client to plead true

to enhancement being sought by the State. Counsels original

stand on objections to enhancement were on point and counsel

had no sound reason for allowing his client to be subjected to

a higher range of punishment than allowable under law  But for

counsels errors, and with proper advice, applicant would have in-
sisted on pleading not true to enhancement allegations and only
subhjected himself to 2-20yr r nge of punishment instead of 50yrs

# GROUND SIX

PROSECUTORIAL MISCONDUCT IN COERCION OF DEFENDANT TO WAIVE HIS

ARRAIGNMENT WITHOUT THE BENEFIT OF COUNSEL

## FACTS SUPPORTING GROUND SIX

Include and incorporate by reference the facts presented in

Grounds One through Five

15A

## GROUND SEVEN:

ABUSE OF DISCRETION AND IMPROPER COMPELLING OF JUDGE ON THE

DEFENDANT TO WAIVE ARRAIGNMENT WITHOUT THE BENEFIT OF COUNSEL

## FACTS SUPPORTING GROUND:

Incorporate by reference the facts presented in grounds One

through Five

# GROUND EIGHT:

DENIAL OF RIGHT TO FAIR AND IMPARTIAL JURY

## FACTS SUPPORTING GROUND?

Incorporate by reference Ground Two and Ground Three

Improper commitment of veniremen to punishment range of 5-99yrs

which was legally not applicable to defendants charged 2nd

degree offense which only carried a 2-20yr punishment range

improperly prejudiced the jury for punishmnet; considering

the fact that jury panel members were excused because they

could not consider the high range of the 99yr punishment

range, the impact of the jury on both punishment and the guilt

or innocence phase is apparent  Proper commitment of the ven-

irement to the 2-20yr punishment range applicable to the

charged second degree offense would have resulted in a maximum

sentence of 2-20 years instead of the 50 years received by the

applicant.

15C

# GROUND NINE:

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO OBJECT TO THE IMPROPER

COMMITMENT OF JURY PANEL TO 5-99yrs AND WITHOUT CORRECT LEGAL DEFINITION
AS TO APPLICABLE RANGE OF PUNISHMENT TO CHARGED OFFENSE W?OUT ENHANCEMENT

# FACTS SUPPORTING GROUND NINE:

Incorporate by reference Grounds One through Five ande Ground Eight

15D

# GROUND TEN:

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILURE TO RAISE ON APPEAL THE DENIAL OF DEFENDANT HIS RIGHT TO COUNSEL UPON COERCED WAIVER OF HIS

ARRAIGNEMENT WITHOUT THE BENEFIT OF COUNSEL AFFECTING HIS RIGHT TO SPEEDY TRIAL, EVIDENCE PRESENTED AT TRIAL, AND SENTENCING RANGE

# FACTS SUPPORTING GROUND:

Incorporate by reference Grounds One through Five and Garound Eight

# GROUND ELEVEN:

INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL FOR FAILURE OF APPELLATE COUNSEL

TO RAISE ON APPEAL CONVICTION RESULTED IN ILLEGAL SENTENCE AS THE RESULT
OF AN ILLEGAL ENHANCEMENT

# FACTS SUPPORTING GROUND:

Incorporate by reference facts from Grounds Two and Five

15F

# GROUND TWELVE:

FALSE AND MISLEADING DNA EVIDENCE PRESENTED AT TRIAL AND REQUEST IS NEC_

ESSARY FOR ADDITIONAL DNA TESTING TO BE PERFORMED ACCORDING TO CHAP. $4ccp
WITH OTHER TESTING CONSIDERATIONS AS OUTLINED IN ARGUMENT

# FACTS SUPPORTING GROUND:

FACTS SUPPORTING THIS GROUND WILL BE ALLAYED IN AN ATTACHED MEMORANDUM

THAT IS ONLY BEING PROVIDED FOR ARGUMENT AND PRESENTATION OF FACTS THAT

WILL BE DEDICATED SOLELY TO THIS ISSUE. ALL OTHER ISSUES AND THIS ONE

APPLICANT IS BEING CAREFUL NOT TO ARGUE CASE LAW AND INSTEAD RELY ON THE

COURTS DUTY TO APPLY THE LAW AND GRANT RELIEF AS FACTS ALLOW SUCH RELIEF

TO BE GRANTED

15G

GROUND THIRTEEN:  Applicant was denied his ability to call a witness at his trial

FACTS SUPPORTING GROUND:   The attached notarized statement of Ms. Orum, applicant's co-defendant in this case, presents the testimony she would have been able to provide for the defense in this case. Although credibility MAY have been able to be raised as an issue at trial to the State's benefit, if the claims that are raised by applicant in ground twelve and outlined in the attached memorandum actually prove to be as applicant has alleyed then testimony such as Ms. Orum's would have acted as a catalyst in establishing applicant's innocence.

Incorporate by reference; grounds 1-5, 12 & 14

In the least, this testimony show the need for a new trial for applicant; truly however, it shows that the State has repeatedly denied applicant a fair trial in his case and accordingly the Court should reverse and dismiss

15H

GROUND FOURTEEN:   ACTUALLY INNOCENT

FACTS SUPPORTING GROUND:    Applicant maintains his innocence.
Always has  With the conclusion of the investigation requested
by applicant from ground twelve and the accompanying memorandum
relating to ground twelve, along with the statement provided by
Ms  Drum in the attachment accompanying this application which is
related to ground thirteen, a strong case for establishing the
applicant's innocence should exist. It will also be established
by the lack of evidence corroborating the claims of the alleged
victim.

Incorporate by reference grounds 1-5, 12,&13

Reversal for acquittal is the adequate remedy.

151

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Post Conviction writ 11.07

Name and location of the court where the motion or petition was filed: _____

Court of Criminal Appeals

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?              ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏  Yes        ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏  Yes        ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Pro se    No Counsel

(b) At arraignment and plea:   Pro se    No Counsel

(c) At trial:   Micheal McLeaish

(d) At sentencing:   Micheal McLeaish

(e) On appeal:

(f) In any post-conviction proceeding:   Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☑ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner filed motion for extention to file and was Granted in part. March 22 2023

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: ___Reversed    or  Acquittal___

___is  the  adequate  Remedy___

_____

or any other relief to which petitioner may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Abel Armendariz # 2240969
Bill Clements Unit
9601 SPUR 591
Amarillo Texas 29107



RECEIVED

APR 2 0 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS

Clerk U.S. District Court
Western District of Texas
United States Courthouse
200 E. Wall Street Room 222
Midland, Texas 79701